In the construction of acts, it is necessary to consider the whole of the act together, so that a distinct view of what was the mind of the legislature may be had; the act should be so construed, that each part may have its operation if possible. The meaning of the second section is unequivocal when standing alone; the words "hath been" are appropriate, and clear of ambiguity, and by it the legislature clearly meant to include causes of divorce which happened previous to the passage of the act; but it is urged that the eleventh section shows that this was not the meaning. This section may have an operation upon the most rational principles without interfering with the meaning already stated. It is well known that the legislature had been frequently incommoded by numerous applications for divorces each session, and it was conceived that much of the time of that body was injuriously exhausted by inquiries of this kind. No doubt but the cases referred to by the eleventh section were before the legislature at the time it was determined to pass a general law vesting authority in the courts. The house having at that time made the inquiries in the cases embraced by the eleventh section, and seeing there was propriety in divorcing the persons referred to, thought fit by a legislative act to do it. It was certainly not improper to do so, the facts being then in the possession of the legislative body, it was but little trouble or expense to insert this section; much less inconvenience would arise from this method than by the subsequent institution of suits, when much of the useful time of a court of justice would be employed.
Now these reasons, so far from being inconsistent with the second section, entirely accord with it.
For my own part, I do not think such a provision unconstitutional, nor does the act violate the sections of the Bill of Eights referred to. If it appeared that the Act of Assembly was inconsistent with the Constitution, I feel no difficulty in saying that I could not carry it into effect.
There is certainly a distinction between acts which are offences, and such as are indifferent in *Page 4 
their own nature. In the last case no subsequent act can convert them into crimes. As to the first, consistent with the practice of every country, the legislature exercises the power of providing a special or more convenient remedy. Applying these ideas to the case before the Court, it appears clear to me that the act has only provided a remedy for an offence which was in its own nature such before the passage.
I agree with the counsel in thinking that this act ought to be construed strictly. I feel it my duty to reconcile the Constitution with the acts of the legislature. It is certainly the sovereign power, and its acts should always be supposed to be consistent with the Constitution, unless the contrary appear beyond any doubt.